# EX. 2
## TO EXHIBIT A

Case 3:13-cv-01420-P Document 1-4 Filed 04/09/13 Page 2 of 7 PageID 13

Filed
14 February 26 P12:
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-13-02322

| | | |
|---|---|---|
| CARMEN ACEVEDO AND RACHEL ACEVEDO, INDIVIDUALLY AND AS NEXT FRIEND FOR ABIGALE ACEVEDO, A MINOR, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| GRIKENAS MINDAUGAS AND HMD TRUCKING, INC., | § § § § | |
| Defendants. | § | B-44TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW Carmen Acevedo and Rachel Acevedo, Individually and as Next Friend for Abigale Acevedo, a Minor, Plaintiffs herein, and file this their Original Petition complaining of Grikenas Mindaugas and HMD Trucking, Inc., Defendants herein, and would respectfully show the Court as follows:

### Level of Discovery

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### Parties

2. Plaintiff Carmen Acevedo (TX DL# XXXXX236; SS# XXX-XX-247) is an individual who resides in Dallas County, Texas.

3. Plaintiff Rachel Acevedo (TX DL# XXXXX425; SS# XXX-XX-824) is an individual who resides in Dallas County, Texas.

4. Defendant Grikenas Mindaugas is an individual who resides at 11739 Sweet Serenity Lane, New Port Richey, Florida 34654. By virtue of the operation of a motor vehicle on the public roads of Texas, Defendant Grikenas Mindaugas appointed the Chairman of the State

Highway and Public Transportation Commission of Texas, 125 East 11th Street, Austin, Texas, 78701 as his agent on whom citation may be served in accordance with Section 17.062 of the Texas Civil Practice and Remedies Code.

5. Defendant HMD Trucking, Inc. is a company organized under the laws of the State of Illinois and is located at 10031 Virginia Avenue, Chicago Ridge, Illinois 60415. By virtue of the operation of a motor vehicle on the public roads of Texas, Defendant HMD Trucking, Inc. appointed the Chairman of the State Highway and Public Transportation Commission of Texas, 125 East 11th Street, Austin, Texas, 78701 as its agent on whom citation may be served in accordance with Section 17.062 of the Texas Civil Practice and Remedies Code.

### Venue and Jurisdiction

6. Venue is proper in Dallas County because all or part of the cause of action arose in Dallas County, Texas.

7. This Court has jurisdiction of this matter because Plaintiffs' damages are in excess of the minimum jurisdictional limits of the Court.

### Facts

8. This suit arises from an automobile/tractor-trailer collision that occurred on or about February 26, 2012, on Interstate Highway 35 in Dallas, Dallas County, Texas, involving a tractor-trailer owned by HMD Trucking, Inc. ("hereafter "HMD") and operated by Grikenas Mindaugas, a vehicle owned and operated by Carmen Acevedo, and several other vehicles. At the time of the Occurrence, Carmen Acevedo was operating her vehicle northbound on IH 35. Abigale Acevedo, age 1, was a passenger in the vehicle. Defendant Grikenas Mindaugas was operating a tractor-trailer northbound on IH 35 when he unexpectedly and without warning slammed into the rear of Plaintiffs' vehicle. The impact was so hard that it not only destroyed

Plaintiff's vehicle, but forced Plaintiff to strike the vehicle ahead of her which, in turn, struck another vehicle ahead of it. Both Plaintiff's vehicle and the vehicle ahead of her were towed from the scene. The collisions resulted in the injuries and damages to Plaintiffs as set forth below.

### Negligence of Defendants Grikenas Mindaugas and HMD

9. On the occasion in question, Defendant HMD, acting by and through its agents, servants, and employees, and Defendant Grikenas Mindaugas, himself, had a duty to exercise ordinary care and operate their tractor-trailer in a reasonable and prudent manner. Defendant Mindaugas breached that duty in one or more of the following ways:

   (a) In failing to timely apply his brakes;

   (b) In following too closely to Carmen Acevedo's vehicle;

   (c) In driving too fast for the existing conditions;

   (d) In failing to pay attention to his surroundings;

   (e) In taking faulty evasive action; and

   (f) In allowing himself to become distracted while operating his vehicle.

Each and all of Defendants' negligent acts and omissions were negligence and negligence *per se* and singularly, or taken together, directly and proximately caused the Occurrence and resulted in injuries and damages to Plaintiffs.

10. On the occasion in question, the tractor-trailer owned by Defendant HMD was being operated under the authority of federal certificates, licenses and permits issued to HMD as an interstate carrier. By statute, HMD is vicariously liable for the negligent acts and omissions of Grikenas Mindaugas.

11. At the time of the Occurrence in question, Defendant HMD was negligent in its hiring, retention, supervision and/or training of Defendant Grikenas Mindaugas. Additionally,

Defendant HMD is responsible for the above-described negligent acts and/or omissions of its agent and employee under the doctrine of *respondeat superior*, as said employee was acting under the course and scope of his employment with Defendant. The negligence of Defendant HMD proximately caused Plaintiffs' damages.

### Damages

12. As a result of the accident, Carmen Acevedo suffered personal injuries. Carmen Acevedo seeks to recover all damages that she is entitled to recover by law as a result of the negligent conduct of Defendants complained above. These damages include, without limitation, Plaintiff Carmen Acevedo's medical expenses, physical and mental pain, mental anguish, loss of earning capacity, impairment, and disfigurement, both in the past and future, as well as all incidental expenses incurred by Plaintiff Carmen Acevedo arising as a result of the Occurrence in question.

13. As a result of the accident, Abigale Acevedo suffered personal injuries. Plaintiff Rachael Acevedo, as Next Friend for Abigale Acevedo, seeks to recover all damages that she is entitled to recover by law as a result of the negligent conduct of Defendants complained above. These damages include, without limitation, Abigale Acevedo's physical and mental pain, mental anguish, and impairment, both in the past and future, as well as all incidental expenses incurred by Plaintiff Rachael Acevedo, as Next Friend for Abigale Acevedo, arising as a result of the Occurrence in question.

14. Because of the injuries suffered by Abigale Acevedo, it has become necessary for Plaintiff Rachel Acevedo, Individually, to pay or incur liability to pay for reasonable and necessary expenses for the care and treatment of her child, Abigale Acevedo, and in reasonable probability it will be necessary for Plaintiff to pay and incur additional medical expenses in the future until the time Abigale Acevedo reaches eighteen (18) years of age for care and treatment

of Abigale Acevedo's injuries. Rachel Acevedo, Individually, seeks to recover damages for her described losses in both the past and future.

15.  If Carmen Acevedo or Abigale Acevedo suffered from any separate injury or condition of their respective bodies before or after the Occurrence in question, such separate injury or condition was not pain producing or disabling, but was aggravated by the injuries that resulted from the Occurrence in question.

### Gross Negligence

16.  The actions and omissions on the part of Defendants constitute gross negligence and malice, meaning an act or omission by Defendants (i) which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others; and (ii) of which Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In addition to actual damages Plaintiffs seek recovery of exemplary damages against Defendants as a penalty or by way of punishment in an amount commensurate with the nature of the wrong, the character of conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice.

### Pre-Judgment Interest

17.  Plaintiffs seek recovery of pre-judgment interest as provided by law.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Carmen Acevedo and Rachael Acevedo, Individually and as Next Friend for Abigale Acevedo, respectfully request the following relief, jointly and severally, against Defendants Grikenas Mindaugas and HMD Trucking, Inc.:

(a) actual and exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court;

(b) pre-judgment and post judgment interest on all damages at the highest rate allowed by law;

(c) costs of suit; and

(d) such other and further relief, both at law and equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

RAMEY LAW FIRM, PLLC
3131 McKinney Ave., Ste. 720
Dallas, Texas 75204
Telephone: (972) 437-5577
Facsimile: (972) 437-5572

By: _____
Hardin R. Ramey
State Bar No: 16496500
**Rachel A. Varughese**
State Bar No.: 24028186

**ATTORNEYS FOR PLAINTIFFS**

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 Defendants are requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.

_____
Hardin R. Ramey